**E-FILED**
Wednesday, 20 June, 2007  02:07:06 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| RICKY A. SCHOENEWEIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3141 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court for judicial review of Defendant

Commissioner of Social Security's denial of Plaintiff Ricky A.  Schoeneweis'

application for Disability Insurance Benefits and Supplemental Security

Income (collectively disability benefits) under Titles II and XVI of the Social

Security Act.  42 U.S.C. §§ 416,423, 1381a, and 1382c.  As explained

below, the Administrative Law Judge (ALJ) did not sufficiently explain how

he took into account Schoeneweis' non-exertional limitations in concluding

that the Commissioner had met his burden to show that Schoeneweis could

perform a substantial number of jobs in the national economy.  The ALJ

also made inconsistent findings regarding Schoeneweis' non-exertional limitations. The Decision of the Commissioner, therefore, is reversed and remanded for further proceedings.

STATEMENT OF FACTS

Schoeneweis was born on August 17, 1959. He graduated from high school and worked for a number of years as an auto mechanic. Schoeneweis filed his application for disability benefits on November 29, 2001. He claimed that his disability began on September 1, 1996, due to fatigue, arthritis, muscle pain, and manic depressive disorder.

Schoeneweis began receiving treatment for depression in 2000 from Assa Mayersdorf, M.D. Dr. Mayersdorf prescribed Zoloft. The medicine seemed to be working initially. Record of Proceedings (d/e 11) (hereinafter "R."), at 166-70. Over time, Dr. Mayersdorf had to switch Schoeneweis to other medicine. In December 2001, Schoeneweis told Dr. Mayersdorf that his depression increased over the holidays, and the medicine was not working. R. 176. Dr. Mayersdorf referred Schoeneweis to counselor Nancy Elledge, B.A.. Elledge met with Schoeneweis in December 2001, and diagnosed him with recurrent major depressive disorder. She assigned Schoeneweis a Global Assessment of Functioning (GAF) score of 52. R.

2

199.   In January 2002, Schoeneweis received counseling from another counselor, Kelly Krueger, B.A.

In March 2002, psychologist Stephen G. Vincent, Ph.D. examined Schoeneweis at the request of a state agency.   Dr. Vincent diagnosed Schoeneweis as having major depression, probably recurrent.   R. 203.   In March 2002, Schoeneweis also saw P. Woerner, M.D.   Dr. Woerner diagnosed major depression and assigned a GAF score of 40.

Also in March 2002 another state agency psychologist, M.A. Wharton, PsyD., reviewed Schoeneweis' medical records and concluded that he had an affective disorder that caused moderate restrictions in activities of daily living, moderate difficulties in maintaining social functioning and in maintaining concentration, persistence or pace, but no episodes of decompensation.   R. 214.   Dr. Wharton also concluded that Schoeneweis was moderately limited in his ability to: (1) understand and remember detailed instructions, (2) carry out detailed instructions, (3) maintain attention and concentration for extended periods, (4) work in coordination with or in proximity to others without being distracted by them, (5) interact appropriately with the general public, (6) accept instructions and respond appropriately to criticism from supervisors, and (7) get along with co-

workers or peers without distracting them or exhibiting behavioral extremes.

Dr. Wharton assessed Schoeneweis as having the residual functional

capacity (RFC) to perform and sustain simple tasks that had few social

demands.  R. 218-20.

Schoeneweis continued to see Krueger for counseling.  On June 12,

2002, Krueger completed an assessment of Schoeneweis' psychological

impairments.  Krueger gave Schoeneweis a GAF score of 52.  She stated that

Schoeneweis' symptoms included poor memory, sleep disturbance, mood

disturbance, recurrent panic attacks, pervasive loss of interest, difficulty

thinking or concentrating, flat affect, hostility and irritability.  She noted

that he previously had suicidal ideations.  She further opined that

Schoeneweis had moderate restrictions on his activities of daily living;

marked difficulties in maintaining social functioning; frequent difficulties

in maintaining concentration, persistence or pace; and frequent repeated

episodes of decompensation, each of extended duration.  R. 246-47.

In January 2003, Sharon R. Olson, M.A., completed an Adult Mental

Health Assessment.  She assigned Schoeneweis a GAF score of 45.  R. 257.

Also in January 2003, Schoeneweis saw psychiatrist Raymond Bland, M.D.

Dr. Bland diagnosed Schoeneweis with generalized anxiety disorder and

4

assigned him a GAF score of 55.  R. 272.  Dr. Bland saw Schoeneweis in February 2003.  He assigned a GAF score of 60 at that time.  R. 274.  He also prescribed Paxil CR.  Dr. Bland saw Schoeneweis again in March 2003. Schoeneweis reported remarkable improvement with the Paxil CR.  Dr. Bland continued to see Schoeneweis regularly through July 2003.  He assigned GAF scores of 55 or 60 until July 2003, when he assigned a GAF score of 70.  R. 274-81.

The ALJ conducted an evidentiary hearing on May 10, 2004. Schoeneweis was the only witness at the hearing.   Schoeneweis was represented by counsel at the hearing.

The ALJ issued his Decision on July 29, 2004.  R. 17-29.  The ALJ followed the five-step analysis set forth in the Social Security Administration regulations (Analysis).  20 C.F.R. §§ 404.1520, 416.920. Step 1 requires that the claimant not be currently engaged in gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).  If true, Step 2 requires the claimant to have a severe impairment.   20 C.F.R. §§ 404.1520(c), 416.920(c).  If true, Step 3 requires a determination of whether the claimant is so severely impaired that he is disabled regardless of his age, education, and work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d).

The listings of such severe impairments are set forth in the Listings.  20 C.F.R. Part 404 Subpart P, Appendix 1.  The claimant's condition must meet the criteria in a Listing or be equal to the criteria in a Listing.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not so severely impaired, then Step 4 requires the ALJ to determine whether the claimant is able to return to his prior work considering his RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant cannot return to his prior work, then Step 5 requires a determination of whether the claimant is disabled considering his RFC, age, education, and past work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant has the burden of presenting evidence and proving the issues on the first four steps.  The Commissioner has the burden on the last step; the Commissioner must show that, considering the listed factors, the claimant can perform some type of gainful employment that exists in the national economy.  Knight v. Chater, 55 F.3d 309, 313 (7th Cir. 1995).

The ALJ found that Schoeneweis met his burdens at Steps 1 and 2. The ALJ concluded that Schoeneweis' conditions did not meet any Listing that would render him disabled at Step 3.  The ALJ then found that Schoeneweis' exertional limitations from arthritis and other physical

conditions limited him to light work.  Schoeneweis does not challenge this finding on judicial review.

The ALJ then addressed Schoeneweis' mental condition.  The ALJ stated that Schoeneweis had a history of severe mental impairments due to depression.  The ALJ found that those impairments caused him to have the following limitations on his ability to work:

> The claimant's mental impairments impose moderate symptoms and limitations with the claimant's capacity to understand, remember, and carry out detailed instructions and maintain attention and concentration for extended periods, restricting the claimant from sustaining more than simple work activity.

R. 24.

The ALJ then looked to the Commission's Medical-Vocational Guidelines to assess whether Schoeneweis should be disabled at Step 5.  The Medical-Vocational Guidelines are a set of rules that the Commission has developed to determine whether a person is disabled based on age, education, work experience, and exertional limitations.  20 C.F.R. Part 404, Subpart P, Appendix 2.  The ALJ explained:

> The medical-vocational guidelines may be used to direct an unfavorable decision only if the claimant has the exertional residual functional capacity to perform substantially all (as defined in Social Security Ruling 83-11) of the seven primary strength demands required by work at the given level of exertion

(as defined in Social Security Ruling 83-10) and there are no non-exertional limitations. When all of the criteria of a medical-vocational rule are met, the existence of occupations in the national economy is met by administrative notice.

R. 26-27.

The ALJ then looked to the Commission's definition of unskilled work

to define simple tasks:

Simple, or "unskilled work", as defined at 20 CFR 416.1568(a), is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time, such as machine tending. Medical-vocational rule 202.21 includes consideration of a limitation to the performance of unskilled work. 20 CFR Part 404, Subpart P, Appendix 2, Table No. 2, Rule 202.21.

R. 27.

The ALJ then concluded that Rule 202.21 applied and Schoeneweis

was not disabled. R. 27-28. In reaching this conclusion the ALJ specifically

found that Schoeneweis had no non-exertional limitations:

The claimant's capacity for light work is substantially intact and has not been compromised by any non-exertional limitations. Accordingly, using the above-cited rule as a framework for decision-making, the claimant is not disabled.

R. 28.

Schoeneweis sought review by the Commissioner's Appeals Counsel.

The Appeals Counsel denied the request for review on April 28, 2006. R.

5.  As a result, the ALJ's decision became the decision of the Commissioner.

Schoeneweis then sought review by this Court.

ANALYSIS

This Court reviews the ALJ's decision to determine whether it is supported by substantial evidence.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate" to support the decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  This Court must accept the ALJ's findings if they are supported by substantial evidence, and may not substitute its judgment for that of the ALJ.  Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986).  The ALJ further must articulate at least minimally his analysis of all relevant evidence.  Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994).  The Court must be able to "track" the analysis to determine whether the ALJ considered all the important evidence.  Diaz v. Chater, 55 F.3d 300, 308 (7th Cir. 1995).

In this case, the Court cannot track the ALJ's analysis to determine whether the ALJ considered all of the evidence regarding Schoeneweis' non-exertional limitations resulting from his depression and related mental problems.  The ALJ found that Schoeneweis had a severe disability as a result of his depression.  He found that Schoeneweis, as a result, had

9

limitations on his ability to understand, remember, and carry out detailed

instructions and maintain attention and concentration for extended periods.

R. 24.  Such limitations are non-exertional limitations.  SSR 83-14, 1983

WL 31254, at 2.  The ALJ specifically found that these mental impairments

limited the range of work he could perform to, "simple work activity."  R.

24.  The ALJ, thus, found at this part of his decision, that Schoeneweis had

exertional limitations that limited him to light work and also, non-exertional

limitations due to his severe mental impairment.  Yet, the ALJ later stated

in the Decision, as quoted above, that Schoeneweis had no non-exertional

limitations.  R. 28.  These two statements are internally inconsistent, and

the Court cannot track how the ALJ made these two, mutually exclusive

findings.

Given Schoeneweis' non-exertional limitations, the ALJ also should

not have relied solely on the Medical-Vocational Guidelines.  When a

claimant has both exertional and non-exertional limitations, the Medical-

Vocational Guidelines are a proper starting point, but the ALJ must go

beyond them to evaluate the extent to which the non-exertional limitations

reduce the range of work that the claimant can perform within the

exertional category.  SSR 83-14, 1983 WL 31254, at 3.  In simple cases, the

ALJ can rely on publications listed in the regulations, such as the <u>Dictionary of Occupational Titles</u>.  <u>Id.</u>; see 20 C.F.R. § 404.1566(d).  In more complex cases, evidence from an expert should be considered.  SSR 83-14, at 3.  In this case, the ALJ did neither; rather, he erred by relying solely on the Medical-Vocational Guidelines.

The Commissioner points out that the ALJ took into account Schoeneweis' non-exertional limitations by limiting him to unskilled work.  The ALJ's reliance on the definition of unskilled work was improper.  The categories of skilled, semi-skilled and unskilled work are designed to categorize a job based on the skill required to perform the job.  20 C.F.R. § 404.1568.  These categories are intended to identify jobs that a claimant could perform based on the skills and abilities that the claimant acquired through work experience.  20 C.F.R. § 404.1565(a).  The skill categories are not designed to define the effects of non-exertional impairments on a claimant's ability to work.  The ALJ must look to other evidence that indicates the degree to which the non-exertional impairment would reduce the range of work that a claimant could perform.  SSR 83-14, at 3.  The ALJ did not do this.

THEREFORE, Plaintiff Ricky Schoeneweis' Motion for Summary

Judgment (d/e 13) is ALLOWED.  The Defendant's Motion for Summary

Affirmance (d/e 15) is DENIED.  Judgment is entered in favor of Ricky

Schoeneweis and against the Commissioner of Social Security pursuant to

sentence 4 of 42 U.S.C. § 405(g).  The Decision of the Commissioner is

reversed and remanded for further proceedings consistent with this Opinion.

IT IS THEREFORE SO ORDERED.

ENTER:   June 19, 2007.

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE